UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| SLEEPY'S, LLC, | **MEMORANDUM AND** |
| Plaintiff, | **ORDER** |
| - against - | 07-CV-4018 |
| SELECT COMFORT WHOLESALE CORPORATION, SELECT COMFORT RETAIL CORPORATION and SELECT COMFORT CORPORATION, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge.

Before this Court is Defendant's Motion to Dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the following reasons, the Defendant's motion is **DENIED** with respect to Plaintiff's breach of contract, breach of the implied covenant, unfair competition, slander, and Lanham Act claims; and is **GRANTED** with respect to Plaintiff's contractual indemnification claim.

## BACKGROUND

**1. Plaintiff's Claims**

Plaintiff, a Delaware limited liability company and marketer and seller of bedding products, asserts several claims against Defendant, a Minnesota Corporation and bedding manufacturer, in connection with a contractual agreement between the parties. The Complaint

alleges breach of contract, slander per se (four claims), breach of the implied covenant of good faith and fair dealing, unfair competition, violation of the Lanham Act, and contractual indemnification.  Defendant seeks dismissal of the Complaint in its entirety.

**2. Facts**

On June 17, 2005, Plaintiff and Defendant entered into a contract whereby Plaintiff agreed to market and sell products manufactured by Defendant in Plaintiff's stores.  (Compl. ¶ 12.)  Under the contract ("Dealer Agreement"), Defendant supplied Plaintiff with specifically identified products and Plaintiff was to market and sell those products. (Compl. ¶¶ 12-13.)  The Dealer Agreement concluded on September 30, 2006, under its own terms. (Compl. ¶¶ 12-13.) However, the parties continued to perform under the Dealer Agreement until at least January 11, 2007. (Compl. ¶ 17.)

Plaintiff alleges that approximately between November 2006 and March 2007, Defendant made various slanderous statements regarding Plaintiff.  (Compl. ¶¶ 52-64.)  These statements were allegedly made to individuals hired by Plaintiff to shop at Defendant's retail outlets and report their experiences in order to evaluate the competitor's business practices. (Compl. ¶ 19.)

**DISCUSSION**

**1. Standard for Motion to Dismiss Under Rule 12(b)(6)**

Rule 12(b)(6) permits both partial and complete dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss a complaint for failure to state a claim, the court must assume as true all allegations contained in the complaint.  Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).  However, it is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." ECOR Solutions Inc. v. Pirnie, 2005 U.S. Dist. LEXIS 42993 (N.D.N.Y. July 29, 2005).  On Rule 12(b)(6) motions, the court must assess only the legal feasibility of the complaint and whether plaintiffs have pled claims for which they are entitled to discovery.  Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000); Chance, 143 F.3d at 701.

In addition, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief and sufficient to provide a defendant with fair notice.  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41 (1957)).  However, the Supreme Court has held that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

**2. Expiration of the Dealer Agreement**

Defendant seeks dismissal of Plaintiff's breach of contract, breach of the implied covenant, and unfair competition claims on the grounds that the Dealer Agreement expired on September 30, 2006, before any alleged breaches or injuries occurred. Plaintiff alleges that the Dealer Agreement continued to govern the conduct of the parties until at least January 11, 2007, before which, the alleged breaches took place.

Under either New York law or Minnesota law, this Court must apply the clear and unambiguous language of a valid contract.[1] Sports & Travel Mktg., Inc. v. Chicago Cutlery Co., 811 F. Supp. 1372, 1378 (D. Minn. 1993), Carl Bolander & Sons, Inc., v. United Stockyards Corp., 215 N.W.2d 473, 476 (Minn. 1974). However, a contract may continue beyond its stated expiration if the conduct of the parties indicates that they continued in accordance with the stated terms of the expired contract. Accord Fairbrook Leasing, Inc., v. Mesaba Aviation, Inc., 408 F.3d 460 (8th Cir. 2005), Dynamic Air, Inc., v. Reichold, Inc. v. 2007 WL 2274856 at *7 (D. Minn. August 7, 2007).

According to the terms of the contract, the Dealer Agreement expired on September 30, 2006. However, Plaintiff alleges that it and Defendant continued to conduct business in accordance with the terms of the Dealer Agreement beyond September 30, 2006. Specifically, Plaintiff alleges that Defendant continued the provision of bedding goods to Plaintiff for sale in Plaintiff's retail stores. In addition, Plaintiff also contends that language in a letter from Defendant, dated January 11, 2007, further demonstrates that the parties were conducting

---

[1] The Dealer Agreement provides that "it will be governed and construed in accordance with the laws of the State of Minnesota."

business in accordance with the Dealer Agreement.  (Compl. Ex. B.)

These factual allegations, if true, may provide a basis for a determination that the terms of the Dealer Agreement governed the conduct of the parties beyond September 30, 2006, and therefore Defendant's Motion to Dismiss with respect to Plaintiff's breach of contract, breach of the implied covenant, and unfair competition claims is **DENIED**.

### 3. Contractual Indemnification

Defendants seek dismissal of Plaintiff's contractual indemnification claim on the basis that the indemnification clause applies exclusively to claims made by third-parties against Plaintiff.  The indemnification provision provides:

> <u>Indemnification Obligations of Select Comfort</u>.  Select Comfort will indemnify Retail Partner against and hold Retail Partner harmless from any costs, damages, any personal or advertising injury to, or damage to personal property of, any person to the extent caused by (i) the Products as sold by Select Comfort to Retail Partner; (ii) the negligent, reckless, intentional or willful acts or omissions of Select Comfort, its agents, employees, subcontractors or invitees; (iii) the breach of any express or implied warranty of Select Comfort; (iv) the use of Select Comfort's advertising materials related to the Products; or (v) any breach by Select Comfort of the terms of this Agreement.

(Compl. Ex. A § 10(a).)  The determination of this issue turns on the purpose of the indemnification agreement as umistakably evidenced by the language of the agreement and the surrounding facts and circumstances.  <u>Sequa Corp. v. Gelmin</u>, 851 F. Supp. 106, 110-11 (S.D.N.Y. 1994).

The indemnification provision in the Dealer Agreement is typical of agreements which contemplate reimbursement for third-party claims.  This indemnification provision does not "exclusively or unequivocally" apply to claims between the parties.  <u>See</u> <u>Id</u>.  Moreover, other

provisions of the "Indemnification and Insurance" section of the Dealer Agreement would have no application to suits between the parties.  For example, the provision for "Prompt Notice of Claim" (requiring a party to provide prompt notice to the other party of any claim, action, or proceeding that may be subject to indemnification) would serve no logical purpose to suits between the parties.  Given the language of the entire "Indemnification and Insurance" section of the Dealer Agreement, a fair reading of the indemnification provision leads this Court to conclude that it relates to suits brought against Plaintiff by third parties.

Therefore, Defendant's Motion to Dismiss with respect to Plaintiff's contractual indemnification claim is **GRANTED**.

**4. Slander Claims**

Defendant seeks dismissal of all of Plaintiff's slander claims because each claim is premised on a statement solicited by Plaintiff's agent.

To assert a claim for slander, the Plaintiff must allege facts sufficient for a reasonable trier of fact to determine that the Defendant made "(1) an oral defamatory statement of fact, (2) regarding the Plaintiff, (3) published to a third party by the Defendant, and (4) injury to the Plaintiff." Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 409 (2d Cir. 2000)(quoting Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61 (2d Cir. 1993)).  In cases involving slander claims, consent to the slanderous statement "confers an absolute immunity or an absolute privilege upon the defendant." Teichner v. Bellan, 7 A.D.2d 247, 251 (4th Dep't 1959).  A person consents to slander by making an inquiry if "he had reason to anticipate that the response might be a defamatory one." Id. at 251.

Here, the parties are in direct dispute as to whether Plaintiff's agents expected to receive defamatory statements when they "shopped" at Defendant's retail stores. Defendants suggest that Plaintiff's agents should have anticipated the defamatory statements because the agents's sole purpose was to receive statements regarding products sold by competitors of the Defendants. On the other hand, Plaintiff suggests that its agents did not expect to receive defamatory statements because such statements would violate the Dealer Agreement.[2]

Since at this juncture of the litigation, this Court must assume that all factual allegations made by the Plaintiff are true, Plaintiff has adequately stated a claim for slander and therefore Defendant's Motion to Dismiss with respect to Plaintiff's slander claims is **DENIED**.

**5. Lanham Act Claim**

Defendant seeks dismissal of Plaintiff's Lanham Act claim on the basis that the alleged statements do not constitute "advertising or promotion" as required by the Lanham Act.

Section 43 (a)(1) of the Lanham Act provides, in relevant part:

> Any person who . . . in connection with any goods or services . . ., uses in commerce any . . . false or misleading description of fact, which . . . in commercial **advertising or promotion**, misrepresents the nature, characteristics, [or] qualities . . . of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. (emphasis added)

The Second Circuit has adopted a three-part test to determine whether the alleged statements constitute " advertising or promotion" as that phrase is used in § 43 (a)(1). "The statement must

---

[2]Section 4 (c) of the Dealer Agreement states that Defendant will not "impair, infringe upon or adversely affect" Plaintiff's "character, reputation, and good will."

be (1) commercial speech, (2) for the purpose of influencing customers to buy defendant's goods or services, and (3) although representations less formal than those made as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." Boule v. Hutton, 328 F.3d 84, 90-91 (2d Cir. 2003).

Defendants assert that isolated instances of disparaging statements are not sufficiently disseminated and so cannot satisfy the third prong. However, Plaintiff's Complaint alleges a "pervasive corporate policy," not merely isolated instances. Plaintiff alleges specific statements made by Defendant regarding the inferiority of products sold at Plaintiff's retail stores and other competitors' stores. Plaintiff further alleges that these disparaging statements were made at Defendant's stores across the United States. (Compl. ¶¶ 27, 30, 42-44.)

After discovery, Plaintiff's proof of an organized campaign by Defendant to make false and misleading statements to the relevant segment of the market may well be insufficient. However, the Complaint adequately alleges a corporate policy by Defendant, not mere isolated instances. Therefore, Plaintiff's Lanham Act Claim may go forward.

## **CONCLUSION**

For the foregoing reasons, this Court:

(1) **DENIES** Defendant's Motion to Dismiss Plaintiff's breach of contract, breach of the implied covenant, unfair competition claims because the factual allegations, if true, may provide a basis for a determination that the terms of the Dealer Agreement governed the conduct of the parties beyond September 30, 2006;

(2) **DENIES** Defendant's Motion to Dismiss Plaintiff's slander claims because Plaintiff has adequately stated a claim for slander;

(3) **DENIES** Defendant's Motion to Dismiss Plaintiff's Lanham Act claim because the Complaint adequately alleges a corporate policy by Defendant to make false and misleading statements, not mere isolated instances;

(4) **GRANTS** Defendant's Motion to Dismiss Plaintiff's contractual indemnification claim because the indemnification provision relates exclusively to third-party claims.

SO ORDERED.

/s/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       February 8, 2008