UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,

                    Plaintiff,

              -against-

SELECT COMFORT WHOLESALE CORPORATION,
SELECT COMFORT RETAIL CORPORATION and
SELECT COMFORT CORPORATION,

                    Defendants.
----------------------------------------x

**MEMORANDUM & ORDER**
07 CV 4018 (TCP (ARL)

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012 of the Hon. Thomas C. Platt, United States District Judge and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Plaintiff's Motion *In Limine* To Preclude Defendants from Presenting Certain Alleged Defenses at Trial.

      For the following reasons, the Plaintiff's motion is **GRANTED**.

The plaintiff moves to preclude the following defenses at trial: Malicious prosecution, abuse of process, spoliation of evidence, statute of frauds and ratification as well as its objection to the incorporation by reference in the Amended Complaint of Exhibit E thereto which supplements the plaintiff's slander claims. The abuse of process and ratification claims are

1

attacked as not pleaded in the defendants' answer to the Amended Complaint but raised only in the Amended Joint Pre-Trial order. Therefore, the plaintiff contends that these defenses have been waived. Along with the defenses of malicious prosecution and statute of frauds, the Plaintiff contends that all four defenses are insufficient as a matter of law. The defense to the incorporation by reference of Exhibit E to the Amended Complaint should be stricken, it says, because Fed. R. Civ. P. 10(c) allows this procedure.

The defendants candidly acknowledge that they interpose the defenses of malicious prosecution and abuse of process only to preserve their right to demonstrate the plaintiff's improper motive in bringing this action and its bad faith. They are willing that the court grant this branch of the motion as long as their right to pursue this line of cross examination and summation is preserved. The plaintiff concedes that the defendants may pursue this line.

The branch of this motion seeking to preclude the defense of statute of frauds meets with no response and no opposition. The defendants conceded at oral argument that it would have no application to the fraud-in-the-inducement claim although it might apply to the contract-extension-by-conduct claim.

The branch of the motion to preclude the defense of spoliation with respect to the plaintiff's secret shop reports,

the plaintiff claims, has already been rejected and should not be relitigated at trial. The defendants contend that the court's prior rejection of their spoliation claim was based on the absence of the audio tapes or discs recording the shops and not to the loss or destruction of the shoppers' notes which have been lost or destroyed. They learned of this circumstance after the original motion as a result of deposing the shoppers. Hence, they argue that the law of the case doctrine does not apply to an issue not previously addressed.

The defendants vindicate their ratification defense as closely related to the estoppel defense that they did plead. They would apply it to the plaintiff's complaints about disparagement because the plaintiff was satisfied with the defendants' remedy of working with their sales people. Moreover, they would apply it to the plaintiff's cause of action questioning the "first quality" of the Select Comfort beds sold in plaintiff's stores. Since the plaintiff had ample opportunity to inspect the merchandise, if it failed to meet the contractual standards, the plaintiff had a duty to complain. By keeping the products rather than returning them, the plaintiff ratified the "first quality" of what was supplied without objection. And, the defendants' motive is to be able to argue these points at trial.

Lastly, the defendants see the incorporation by reference of Exhibit E to the Amended Complaint as a deficiency in the

requirement that the slanderous words be set forth *in haec verba*, and contain proper identifying information. The plaintiff argues that the statements in Exhibit E must be read in conjunction with other allegations to satisfy the pleading requirements for slander.

The branch of the motion seeking to preclude the defenses of malicious prosecution and abuse of process is **GRANTED**. The abuse of process "defense" was not pleaded in the answer to the Amended Complaint and for that reason has been waived. See Fed. R. Civ. Proc. 8[c]; Saks v Franklin Covey Co., 316 F3d 337, 350 [2d Cir 2003], quoting Black's Law Dictionary 430 [7th ed. 1999] defining an affirmative defense as "A defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim even if all allegations in the complaint are true.") Both of these concepts-malicious prosecution and abuse of process--are causes of action which, if pleaded as counterclaims, would be dismissible as insufficient. The defendants' objective, to which the plaintiff has no opposition except on the merits, is to examine witnesses and make arguments based on their answers in order to demonstrate the plaintiff's malice and bad faith in bringing this action. The plaintiff concedes that the defendants may do that even if these defenses are stricken.

The branch of the motion seeking to preclude the defense of

4

ratification is **GRANTED**. It was not pleaded in the answer to the Amended Complaint and has been waived. The defendants' likening this defense to estoppel, which was pleaded, under Minnesota law is unavailing as a ground for opposing the plaintiff's motion. It might make a difference were the defendants to have moved for relief from its waiver stemming from its failure to plead (see Monahan v N.Y.C. Dept. of Corr., 214 F3d 275, 283 [2d Cir 2000]; Cresswell v Sullivan & Cromwell, 922 F2d 60, 72 [2d Cir 1990]). But, they made no such motion or cross motion. Finally, like the unpleaded defense of abuse of process, the defendants' objective can be attained by developing the evidence and making arguments to the fact-finder without the added burden of proving an affirmative defense.

The spoliation defense pertaining to the shop reports should be stricken and that branch of the plaintiff's motion is **GRANTED**. The defendants have made no effort to renew their motion for sanctions, this time for the loss of the shoppers' notes, which would be addressed to District Judge Platt who rejected their first motion to preclude these shop reports on the ground of spoliation. In the present posture of the record, there is no room for this Special Master to usurp the prerogative of the District Judge to decide whether or not to revisit the issue. (Cf. Begler v Saltzman, 53 AD2d 578, 579 [1st Dept 1976] ["violates the orderly procedure of the court"]; 2 Carmody Wait

2d §8.82 [2011].)

The branch of the plaintiff's motion to preclude at trial the defense of the statute of frauds is **GRANTED** without opposition and because it has no application to the claim of fraud in the inducement.

Finally, the branch of the plaintiff's motion to foreclose the defendants from attempting to exclude the facts contained in Exhibit E to the Amended Complaint is **GRANTED**. The technique of incorporating by reference an attachment to the pleading is well-recognized, and the attachment becomes part of the pleading for all purposes (Fed. R. Civ. Proc. 10[c]).

Accordingly, the plaintiff's motion is in all respects **GRANTED**, and the defendants are precluded at the trial from offering defenses of abuse of process, statute of frauds (relating to fraudulent inducement), ratification, malicious prosecution, and spoliation of evidence and objecting to the proper incorporation of Exhibit E as part of the Amended Complaint.

**SO ORDERED.**

Dated: February 8, 2012
       Central Islip, New York

*Stephen G. Crane*
Stephen G. Crane, Special Master