```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                           :
                                         :
                        Plaintiff,       :
                                         :   MEMORANDUM & ORDER
              -against-                  :   07 CV 4018 (TCP (ARL)
                                         :
SELECT COMFORT WHOLESALE CORPORATION,    :
SELECT COMFORT RETAIL CORPORATION and    :
SELECT COMFORT CORPORATION,              :
                                         :
                        Defendants.      :
----------------------------------------x
```

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012 of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Plaintiff's Motion *In Limine* For an Order Precluding Defendants from Offering the Weisel Report.

For the following reasons, the plaintiff's motion is **DENIED WITHOUT PREJUDICE TO PLAINTIFF OBJECTING AT TRIAL ON EVIDENTIARY GROUNDS TO BE DEVELOPED.**

The plaintiff seeks exclusion of the Weisel Report as plain hearsay because the defendants intend to offer it for the truth of statements it contains reflecting negatively on the plaintiff. The plaintiff elaborates, citing Ortho Pharm. Corp. v Cosprophar, Inc., 828 F. Supp. 1114, 1119 (SDNY 1993), aff'd, 32 F.3d 690 (2d Cir. 1994), that it is inadmissible under the business records exception because it lacks trustworthiness under Fed. R. Evid. 803(6) and because the foundational declaration of John Columbo reflects his

1

lack of personal knowledge. It also argues that it is not admissible as an expert report, but the defendants disclaim any intention of introducing it as such.

The defendants contend for the admissibility of the Weisel Report on a number of theories. First, resting on excerpts from certain emails from the plaintiff's executive vice president of sales, Michael Bookbinder, to whom the defendants sent this report in April, 2006, the defendants contend that it became an adoptive admission pursuant to Fed. R. Evid. 801(d)(2)(B). They also contend that it is admissible as a business record under Fed. R. Evid. 803(6) as authenticated through the Declaration of John Columbo under Fed. R. Evid. 902(11). The defendants further argue that the Weisel Report also became a business record of their own. Finally they defend its trustworthiness by minimizing the boilerplate disclosures, on which the plaintiff relies, as required by the securities laws. In response to the plaintiff's reliance on the Ortho Pharm. case, they proclaim that the Weisel Report is not, nor purports to be, survey evidence.

In its reply the plaintiff refutes the theory of adoptive admission on the facts and contends that if equivocal the document should not be admitted as an adoptive admission citing Penguin Books, U.S.A., Inc., 262 F. Supp. 2d 251, 258 (SDNY 2003); White Indus., Inc. v Cessna Aircraft Co., 611 F. Supp. 1049, 1062 (D. Mo. 1985) and National Bank of North America v Cinco Investors, Inc., 610 F.2d 89 (2d Cir. 1979). The plaintiff also attacks the Weisel Report under the business records exception to the hearsay rule on the ground that it lacks trustworthiness on its face as a business

2

record of Weisel Partners and as a business record of the defendants because Weisel Partners was under no business duty to supply accurate information to them.

There are issues not susceptible of determination as a matter of law in the absence of live witnesses whose credibility can be tested. The Weisel Report presents such issues. Salient among them are questions of the intent of Mr. Bookbinder and whether his emails sufficed to create an unequivocal adoptive admission. Further, the Declaration of John Colombo deserves an oral voir dire before it can be said to suffice for the purpose of establishing a foundation for the business records exception. As to the disclaimers in the Weisel Report, most are recogizable as required by the securities laws. They are not dispositive of the issue of trustworthiness.

For the foregoing reasons, this motion is **DENIED WITHOUT PREJUDICE TO PLAINTIFF OBJECTING AT TRIAL ON EVIDENTIARY GROUNDS TO BE DEVELOPED.**

**SO ORDERED.**

Dated: February 9, 2012
Central Islip, New York

_____
Stephen G. Crane, Special Master