```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                          :
                                        :
                        Plaintiff,      :
                                        : MEMORANDUM & ORDER
             -against-                  : 07 CV 4018 (TCP (ARL)
                                        :
SELECT COMFORT WHOLESALE CORPORATION,   :
SELECT COMFORT RETAIL CORPORATION and   :
SELECT COMFORT CORPORATION,             :
                                        :
                        Defendants.     :
----------------------------------------x
```

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Renewed Motion to Exclude Plaintiff's Expert Testimony.

For the following reasons the defendants' motion is **GRANTED IN PART AND OTHERWISE DENIED WITHOUT PREJUDICE TO RENEWAL AT TRIAL**.

The plaintiff's damages expert is Benjamin S. Wilner, Ph.D. Dr. Wilner rendered a report dated January 30, 2009, and a supplemental report dated July 9, 2009. These reported damages of $119m to $167m in damages of which $11-16m were the computation of damages through the first quarter of 2007. He assumed causation which he left to the plaintiff to prove at trial, and he disclaimed that he was retained for the purpose of evaluating causation-only

1

to compute and quantify damages. His supplemental report updated damages through 2010. He used the defendants' January 3, 2007, estimate of profits at other Retail Partner facilities and projected them as though the plaintiff had achieved the same results.

The defendants made an original motion in September, 2009, to exclude Dr. Wilner's testimony. District Judge Platt permitted this renewed motion which was among the 11 motions listed in Exhibit A to his order dated January 10, 2012, appointing the undersigned as special master. Judge Platt indicated to the parties that the papers on the original motion were to be considered in deciding the renewed motion.

In their original motion, the defendants took Dr. Wilner to task for simply assuming causation, and they contended that this was a fatal error identical to the omission in Fashion Boutique of Short Hills, Inc. v Fendi USA, Inc., 314 F.3d 48, 60 (2d Cir. 2002). They also assailed this expert for assuming that the alleged disparagement caused plaintiff's damages without analyzing the Critical Success Factors that account for the difference in profitability at other Retail Partner stores when compared with the plaintiff's profitability with the Select Comfort line. Without showing proximate causation or a link between the allegedly wrongful conduct of the defendants and the existence of damages, they argue that Dr. Wilner's testimony is speculative and

2

unreliable.  The defendants invoke Fed. R. Evid. 702 embodying the
Daubert principles and Rule 401 to urge that the Wilner opinions
lack relevance and a reliable foundation.

In opposition to the original motion, the plaintiff argued
that the expert need not opine on causation and that Dr. Wilner's
assumptions, that the defendants criticize, go to the weight of his
evidence, not its admissibility.  The plaintiff defends Dr. Wilner
as qualified and his testimony as relevant and reliable.   It
contends that Dr. Wilner's damages calculation is temporally
related to the disparagement that came to light even before the
plaintiff's secret shops and is supported by evidence of the
defendants' dissemination of disparagement through written
material.   It contends that Dr. Wilner need not examine other
possible causes of the plaintiff's reduced sales of Select Comfort
beds because he was not giving his opinion on causation.   The
plaintiff vouches for the reliability of Dr. Wilner's testimony
because it is grounded on sufficient data.  Finally, the plaintiff
makes the suggestion that Dr. Wilner's report allows the trier to
apportion damages to only some of the plaintiff's claims if that
becomes necessary.

In their supplemental brief in support of renewal of this
motion, the defendants make the points that the relationship
between Select Comfort and Sleepy's was a new business venture for
which damages are given greater scrutiny; and that the plaintiff

cannot recover lost profits after the end of the contract because this was beyond the contemplation of the parties when the contract was made.

In opposition to the renewal of this motion, the plaintiff indicates that the court, in ruling on the defendants' motion for summary judgment, already determined that there are questions of fact as to whether the defendants' alleged disparagement caused the plaintiff's poor sales of the Select Comfort bed.   It vaunts Dr. Wilner's reliability on the basis that defendant's own expert Dr. Steven Schwartz concedes that Dr. Wilner's methodology is reliable. The plaintiff defends Dr. Wilner's projection of future damages beyond the termination of the contract with the observation that "it is a reasonable assumption that the Dealer Agreement would have been renewed and continued for a reasonable period of time." (Plaintiff's Memorandum in Opposition dated November 11, 2011, p. 12).   Beyond this, the plaintiff fails to address whether such a future period of exposure to damages was within the contemplation of the parties when they entered into the Dealer Agreement dated June 17, 2005.   Nevertheless, it argues that there is evidence to show that the parties would have continued their relationship, and the validity of that assumption goes to weight, not admissibility.

In reply the defendants focus on the future damages beyond the expiration of the contract and the enlargement of the geographical area in which the plaintiff would be selling the Select Comfort

4

beds as beyond the reasonable expectations of the parties.

Causation in this case presents a question of fact. The defendants can gain no advantage by relying on Fashion Boutique of Short Hills, Inc. That case was decided after trial, and the reference to causation on p. 60 of the opinion was that the expert "assumed a causal connection that plaintiff failed to prove." If the plaintiff Sleepy's fails to prove causation in this case, its expert testimony will suffer the same fate.

The reliability of Dr. Wilner's prospective testimony presents a mixed question of fact and law that only the trial judge will be in a position to evaluate. However, it is noteworthy that the defendants' expert seems to support the reliability of Dr. Wilner's calculations.

Under New York law loss of future profits as damages must be capable of proof with reasonable certainty. To recover future lost profits a plaintiff must show that liability for the extended period was within the contemplation of the parties at the time of execution of the contract (see Kenford Company, Inc. v County of Erie, 67 NY2d 257, 261-262 [1986]). This is also the law of the State of Minnesota which governs the Dealer Agreement. In Porous Media Corp. v Midland Brake, Inc., 220 F3d 954, 962 (8th Cir. 2000), decided under Minnesota law, the court disallowed post-contractual lost profits as beyond the contemplation of the parties (see also Meterlogic, inc. v KLT, INC., 368 F3d 1017, 1019 [8th Cir. 2004]).

5

The Dealer Agreement was renewable in defendants' sole discretion (¶9[b]). It is, therefore, speculative to calculate damages beyond the termination of the agreement either on its termination date or as extended by the conduct of the parties, if that be so found.

Accordingly, the motion is **GRANTED** to the extent of precluding Dr. Wilner from testifying to damages beyond the termination or extended termination of the Dealer Agreement. Otherwise, the motion is **DENIED** without prejudice to renewal at the trial of the action in reaction to the evidence produced by the plaintiff.

**SO ORDERED.**

Dated: February 10, 2012
       Central Islip, New York

Stephen G. Crane, Special Master

6