UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                          :
                                        :
                    Plaintiff,          :
                                        :   **MEMORANDUM & ORDER**
            -against-                   :   07 CV 4018 (TCP (ARL)
                                        :
SELECT COMFORT WHOLESALE CORPORATION,   :
SELECT COMFORT RETAIL CORPORATION and   :
SELECT COMFORT CORPORATION,             :
                                        :
                    Defendants.         :
----------------------------------------x

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion for Sanctions Due to Plaintiff's Spoliation of Evidence.

For the following reasons the defendants' motion is **DENIED WITHOUT PREJUDICE TO A MOTION FOR RENEWAL BEFORE HON. THOMAS C. PLATT, D.J.**

The Defendants claim that the Plaintiff was obliged to preserve all secret shop evidence as of the beginning of 2006 when litigation was reasonably anticipated but that it failed to preserve recordings of the secret shops and the individual shoppers' original summaries. They contend that the destruction of these materials was done with a culpable state of mind amounting to

1

gross negligence and bad faith (see Residential Funding Corp. v DeGeorge Fin. Corp., 306 F.3d 99, 108 [2d Cir. 2002]).

The Plaintiff argues that the denial of the Defendants' prior motion for sanctions for spoliation relating to these same shop reports (Order Dated June 22, 2008, [sic] filed 6/22/09, Dkt. No. 85) represents the law of the case. The only change is that the Plaintiff has since located three additional recordings. The Plaintiff contends that this is nothing more than a rehash of the 2009 motion that Judge Platt simply denied. Any extra grounds could have awaited discovery before they made their prior motion seeking the identical remedy of preclusion.

In reply, the Defendants clearly make this motion into one "justifying reconsideration" citing Dilaura v Power Auth. Of N.Y., 982 F.2d 73, 76 (2d Cir. 1992). They sum it up at p. 9 of their reply:

> "...Defendant's previous spoliation motion was only for destroyed audio tapes and based on an early, false, and incomplete factual record. Indeed, only after Defendant's original motion was it revealed that Plaintiff's Verified Statement was false, and that Plaintiff lied to Judge Lindsay [about recoverability of the tape recordings later turned over in 18 of 23 shops]. Moreover, only after its original motion for spoliation sanctions did Defendant discover Plaintiff's efforts – or stunning lack thereof – to preserve evidence for trial. Defendant also learned for the first time that the summaries of the secret shops that Plaintiff had produced were themselves

actually summaries of the summaries – individual original notes, summaries or reports drafted by the secret shoppers have been lost or destroyed. Further, Defendant subsequently succeeded on a motion to compel critical evidence Plaintiff was wrongfully withholding, which detailed Plaintiff's scheme to manufacture evidence for this litigation and also pinpointed the timeframe in which Plaintiff's obligation to preserve evidence was triggered...."

For the reasons stated at pp. 5-6 of the Special Master's order dated February 8, 2012, deciding the Plaintiff's Motion *In Limine* To Preclude Defendants from Presenting Certain Alleged Defenses at Trial, this motion is **DENIED WITHOUT PREJUDICE TO A MOTION FOR RENEWAL BEFORE HON. THOMAS C. PLATT, D.J.** The Special Master has not evaluated the underlying merits of such a prospective motion.

**SO ORDERED.**

Dated: February 21, 2012
Central Islip, New York

_____
Stephen G. Crane, Special Master