UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,

                Plaintiff,

     -against-

SELECT COMFORT WHOLESALE CORPORATION,
SELECT COMFORT RETAIL CORPORATION and
SELECT COMFORT CORPORATION,

                Defendants.
----------------------------------------x

**MEMORANDUM & ORDER**
07 CV 4018 (TCP) (ARL)

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion to Exclude Testimony and Evidence Regarding Plaintiff's Shop Reports.

For the following reasons the defendants' motion is **GRANTED IN PART AND OTHERWISE DENIED**.

The defendants seek to exclude all testimony and evidence related to plaintiff's shop reports as hearsay. They are unreliable, altered versions of original shop reports most of which have not been produced. They were engineered to obtain evidence in preparation for litigation, and the reports have been altered to support plaintiff's lawsuit. Finally, they argue that the reports

1

cannot even be used to refresh the shoppers' memories which, after five years, should prevent the shoppers from testifying as a matter of law.

The plaintiff opposes this motion relying on several theories: The recorded statements of defendants' sales personnel in the course of their employment are not hearsay, but, rather, constitute admissions under Fed. R. Evid. 801(d)(2); the shop reports are records kept in the regular course of business and constitute an exception to the hearsay rule under Fed. R. Evid. 803(6); if a proper foundation is laid, they represent past recollection recorded under Fed. R. Evid. 803(5); like anything else the shop reports may be used to refresh a secret shopper's recollection; and the proposition that a witness cannot recall events five or six years in the past is bereft of legal authority. As an alternative to its business-records argument, plaintiff claims admissibility under Fed. R. Evid. 807, the residual exception because they have circumstantial guarantees of trustworthiness.

Replying to this opposition, the defendants indicate that the shop reports were manufactured in response to an unusual or isolated event, as conceded in plaintiff's opposition memorandum at p. 7, if not in anticipation of litigation. Defendants also point to the lack of any evidence that the shoppers reviewed or adopted the shop reports when the events were fresh in their minds, and showing them to the live witness at trial may improperly influence

the shoppers' testimony. In any event their testimony will have no probative value because their memory will be weak.

The defendants refer to the shop reports as "Altered Reports" that were created by administrative employees. Of 146 secret shops there are 129 such altered reports which are hearsay heaped on hearsay. The defendants do not attack in this motion the tape recordings of some 23 of these secret shops.

The plaintiff explains that the purpose of these shops was not to further litigation but "to determine whether Sleepy's concern that Select Comfort was engaging in a widespread pattern of defamation and disparagement of Sleepy's and the Select Comfort beds it was selling was well founded, and, if so, to 'confront Select Comfort with this information, if it was indeed occurring, and get Select Comfort to stop it.'" (Memo in opposition, page 7, citing Bookbinder Affidavit ¶19). The affidavit of Michael Bookbinder, Executive Vice President of Sales for Sleepy's, sworn to January 14, 2009, interposed in opposition to defendants' original motion for sanctions, explains the use and procedure for these shops and the reports generated from them. In order to collect these shop reports, he emailed a group of employees with instructions to conduct secret shops of defendants' stores. "The primary purpose for asking for the shop reports to be recorded was so that Sleepy's could present to Select Comfort shop reports showing exactly what their sales people were saying, so they could

better fix the problem. "Sleepy's performed shops of Select Comfort at other times and in other situations. I do not recall instructing any shoppers to record Select Comfort shops in any other situation." "I viewed the shop reports as the work product resulting from the shops and once the reports were made I considered the recordings, themselves, to be of little importance. Their utility was merely a step in producing the shop reports." (¶¶ 21-23).

Trouble' v The Wet Seal, Inc., 179 F.Supp.2d 291 (SDNY 2001) (Marrero, D.J.), though distinguishable from the standpoint that the plaintiff admitted a motive to prepare for litigation in creating confusion logs, is, nevertheless, instructive. Judge Marrero rejected the plaintiff's reliance on Fed. R. Evid. 803(6) because "the confusion logs were not created and kept in the ordinary course of business; rather, they were prepared due to instructions from Trouble''s management...most likely to serve the purposes of this litigation. Furthermore, Trouble' has not elicited any custodian testimony to establish a foundation for the confusion logs as business records." (Id. At 299-300). Judge Marrero noted that it was implausible that the plaintiff's regular course of business included making confusion logs: "A business record is not evidence, under Federal rule of Evidence 803(6), if it was drafted in response to unusual or isolated events." (Id. at n. 5).

While we have a triable issue of fact as to Sleepy's

4

motivation to aid this litigation when it conducted its secret shops, it is clear from Mr. Bookbinder's affidavit that they were created in response to unusual or isolated events. This alone should disqualify them as business records because this deprives them of the routine character that usually carries its own trustworthiness (see United States v Strother, 49 F.3d 869, 876 [2d Cir. 1995]). Moreover, as in Trouble' the secret shops here were the product of a special directive from Mr. Bookbinder. This certainly intensifies the diminution of the routine nature of the records generated from this effort. Finally, Mr. Bookbinder has not identified the custodian of these records, and for all that the record reveals, there is none who might otherwise supply the foundation for the business records exception.

The plaintiff argues for the residual exception of Fed. R. Evid. 807 proclaiming the circumstantial evidence of reliability. This is hardly adequate in establishing trustworthiness because of the lack of any shopper's testimony to validate the written shop reports as accurate. As in Trouble' the shop reports in issue lack indicia of trustworthiness. (179 F.Supp.2d 291, 300 n.6).

The remainder of the defendants' motion seeks to exclude the use of the shop reports to refresh recollection because the shoppers cannot after five or six years possibly recall what the Select Comfort sales persons said. There is no rule of law that puts a temporal limitation on a witness' recollection. The

plaintiff should be permitted to try to refresh the witness' recollection with the shop reports even though they be excluded from evidence. It should also be permitted to establish that the witness' past recollection recorded as long as the witness subscribes to the document as his or her own recollection rather than that of the administrative person who wrote it up. (See Bank Brussels Lambert v Credit Lyonnais (Suisse) S.A., 168 F.Supp.2d 57, 60 [SDNY 2001] [McKenna, D.J.]). The tape recordings of a handful of these shops may also assist the plaintiff in refreshing a witness' recollection.

Accordingly, the defendants' motion to exclude the secret shop reports is **GRANTED TO EXCLUDE THEM AS BUSINESS RECORDS OR UNDER THE RESIDUAL RULE AND TO EXCLUDE THEM AS PAST RECOLLECTION RECORDED WITHOUT PREJUDICE TO THE PLAINTIFF'S LAYING A PROPER FOUNDATION AT TRIAL FOR THEIR USE AS SUCH, AND OTHERWISE THE MOTION IS DENIED. SO ORDERED.**

Dated: February 27, 2012
      Central Islip, New York

*Stephen G. Crane, Special Master*

## PROOF OF SERVICE BY E-Mail

Re: Sleepy's, LLC vs. Select Comfort Wholesale Corporation, et al.
Reference No. 1425010485

I, Virginia Corvey, not a party to the within action, hereby declare that on February 27, 2012 served the attached Memorandum & Order re Defendants' Motion to Exclude Testimony and Evidence Regarding Plaintiff's Shop Reports on the parties in the within action by electronic mail at New York, NEW YORK, addressed as follows:

George F. du Pont Esq.
Donald L. Prutzman Esq.
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Ave.
New York, NY 10022-4728
Tel: 212-573-6670
Email: dupont@thsh.com
prutzman@thshlaw.com
   Parties Represented:
   Sleepy's, LLC

Andrew S. Hansen Esq.
Oppenheimer, Wolff & Donnelly LLP
Plaza VII Suite 3300
45 S. Seventh St.
Minneapolis, MN 55402
Tel: 612-607-7000
Email: ahansen@oppenheimer.com
   Parties Represented:
   Select Comfort Corporation
   Select Comfort Retail Corporation
   Select Comfort Wholesale Corporation

~~Mr. Robert DeLay~~
Ms. Cinthia L. Mahon
United States District Court
Eastern District of New York
Long Island Courthouse 100 Federal Plaza
Central Islip, NY 11722
Tel: 631-712-6000
Email: robert_delay@nyed.uscourts.gov
Cinthia_Mahon@nyed.uscourts.gov
   Parties Represented:
   Hon. Platt

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on February 27, 2012.

*Virginia Corvey*
Virginia Corvey
JAMS The Resolution Experts

vcorvey@jamsadr.com ADDRESS