FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★   FEB 28 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,

                Plaintiff,

        -against-

SELECT COMFORT WHOLESALE CORPORATION,
SELECT COMFORT RETAIL CORPORATION and
SELECT COMFORT CORPORATION,

                Defendants.
----------------------------------------x

**MEMORANDUM & ORDER**
07 CV 4018 (TCP) (ARL)

Stephen G. Crane, Special Master

    The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion to Exclude All Evidence of Secret Shops After Termination of the Dealer Agreement Because it is not Relevant to Plaintiff's Claims.

    For the following reasons the defendants' motion is **DENIED**.

    The defendants claim that the contract terminated by way of expiration on September 30, 2006, before any of the secret shops was conducted. Consequently, they argue that evidence of these post-termination secret shops is not relevant to the Plaintiff's claims. They contend that, even if relevant, the prejudice outweighs the probative value of these reports, and introduction of the shop evidence will burden the court, confuse the issues and unnecessarily

1

lengthen the trial.

The defendants acknowledge at p. 6 of their moving memorandum that the court already found issues of fact as to whether the agreement was extended by conduct. They say, however, that the court skipped a critical step in its analysis, to wit: the language of the Dealer Agreement in §9(e) which specifically provides that conduct after termination "will not be construed as a waiver of the termination of this Agreement or as an extension or continuation of the term of this Agreement beyond the period specified in the notice of termination; any such termination of this Agreement may only be waived by an express written waiver of termination signed by the terminating party."

Because the agreement terminated on September 30, 2006, not to be extended by conduct, posit the defendants, the secret shops conducted beginning in November, 2006, are irrelevant to any breach of the Dealer Agreement. As a backup, the defendants claim that if the agreement was extended by conduct, no basis exists to extend it beyond January 11, 2007, when the defendants reiterated the expiration in September and that they did not intend to extend the contract. Beyond the breach of contract claim, the defendants extend their argument to the plaintiff's breach of good faith and fair dealing and unfair competition claims.

The plaintiff contends that the continuation of the contract has already been litigated before District Judge Platt. The court previously denied the defendants' motion to dismiss and their motion

2

for summary judgment finding issues of fact as to the extension of the agreement; and, there is no justification to revisit the issue. The plaintiff also observes that the Wind-Up Agreement dated April 18, 2007, between the same parties provided that they would operate in accordance with the terms and conditions of the previous agreement. If the fact be found that the agreement terminated on September 30, 2006, the plaintiff contends that the secret shops are relevant to support an inference that disparagement had been occurring since the beginning of the relationship. Moreover, it argues that the shops are relevant to the claim for breach of the implied covenant of good faith and fair dealing for the same inferential reason. At this point in its argument the plaintiff raises the notion that some contract, if only for the sale of the beds, was surely in effect throughout the relationship to support this implied covenant. Finally, it contends that the secret shops are relevant to the unfair competition claim because the defendants were engaged in a scheme to misappropriate plaintiff's efforts, through a policy of disparagement, to redirect consumers to purchase from Select Comfort stores rather than Sleepy's. Misappropriation as unfair competition is a tort independent of the contract.

The defendants reply. They note the plaintiff's failure to debate the contractual argument. Thus, they remind the court that the parties' conduct could not extend the agreement. They find plaintiff's argument based on the Wind-Up Agreement to be disingenuous because that agreement only refers to the plaintiff's,

3

not defendants', obligation to operate according to the terms of the prior agreement. Insofar as the plaintiff argues the existence of a new contract for the sale of beds, the defendants observe that none was pleaded, and such a new contract would violate the statute of frauds. Finally, the defendants take issue with the plaintiff's notion that, even if the agreement had expired before the secret shops were conducted, they are relevant. Evidence of events after the expiration of the agreement could not affect prior sales citing Fashion Boutique of Short Hills, Inc. v Fendi USA, Inc., 75 F.Supp.2d 235, 239 (SDNY 1999).

The entirety of this motion is foreclosed by the court's earlier determination that triable issues exist as to the extension of the Dealer Agreement beyond its expiration on September 30, 2006. As noted in two prior orders, dated February 8 and February 21, 2012, if the defendants seek reconsideration they should do so before Judge Platt who has not referred such motion to me for the relief requested in this motion. The undersigned has no reason to decide the merits of the argument made before the District Judge on two prior occasions, and does not reach the other arguments that are alternatives to the extension-by-conduct theory. The motion is, therefore, **DENIED**.

**SO ORDERED.**

Dated: February 27, 2012
       Central Islip, New York

/s/ Stephen G. Crane
Stephen G. Crane, Special Master

## PROOF OF SERVICE BY E-Mail

Re: Sleepy's, LLC vs. Select Comfort Wholesale Corporation, et al.
Reference No. 1425010485

I, Virginia Corvey, not a party to the within action, hereby declare that on February 28, 2012 served the attached Memorandum & Order re Defendants' Motion to Exclude All Evidence of Secret Shops After Termination of the Dealer Agreement on the parties in the within action by electronic mail at New York, NEW YORK, addressed as follows:

George F. du Pont Esq.
Donald L. Prutzman Esq.
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Ave.
New York, NY   10022-4728
Tel: 212-573-6670
Email: dupont@thsh.com
prutzman@thshlaw.com
   Parties Represented:
   Sleepy's, LLC

Andrew S. Hansen Esq.
Oppenheimer, Wolff & Donnelly LLP
Plaza VII   Suite 3300
45 S. Seventh St.
Minneapolis, MN   55402
Tel: 612-607-7000
Email: ahansen@oppenheimer.com
   Parties Represented:
   Select Comfort Corporation
   Select Comfort Retail Corporation
   Select Comfort Wholesale Corporation

Mr. Robert DeLay
Ms. Cinthia L. Mahon
United States District Court
Eastern District of New York
Long Island Courthouse 100 Federal Plaza
Central Islip, NY   11722
Tel: 631-712-6000
Email: robert_delay@nyed.uscourts.gov
Cinthia_Mahon@nyed.uscourts.gov
   Parties Represented:
   Hon. Platt

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW YORK on February 28, 2012.

Virginia Corvey
JAMS The Resolution Experts

vcorvey@jamsadr.com ADDRESS