```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                          :
                                        :
                    Plaintiff,          :
                                        :   MEMORANDUM & ORDER
            -against-                   :   07 CV 4018 (TCP) (ARL)
                                        :
SELECT COMFORT WHOLESALE CORPORATION,   :
SELECT COMFORT RETAIL CORPORATION and   :
SELECT COMFORT CORPORATION,             :
                                        :
                    Defendants.         :
----------------------------------------x
```

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion to Exclude Evidence of Secret Shops Because it is not Relevant to Plaintiff's Slander Per Se and Lanham Act Claims.

For the following reasons the defendants' motion is **DENIED IN PART AND GRANTED IN PART**.

The defendants challenge the relevance of the secret shop evidence, i.e. the tendency of it to make the existence of any fact, consequential to the determination of the action, more probable or less probable than it would be in the absence of the secret shop evidence (Fed. R. Evid. 401). They argue that the secret shop evidence is not relevant to the slander per se claims because the statements were not published owing to the consent of the

1

plaintiff's shoppers who induced the defamatory statements. They assert that each of the allegedly slanderous statements was solicited by plaintiff's employees under instructions from Mr. Acker and Mr. Bookbinder. As a backup to this argument, the defendants claim that the allegedly slanderous statements disparaged the goods plaintiff was selling rather than attacking the credit or integrity of its business.

The defendants contend that the secret shop evidence is also unrelated to the plaintiff's Lanham Act claims. The statements elicited in the secret shops do not constitute commercial advertising or promotion citing Fashion Boutique of Short Hills, Inc. v Fendi USA, Inc., 314 F.3d 48, 56 (2d Cir. 2002). They were elicited in response to questions by Sleepy's employees; thus, they were not made to the general public or any real customers.

Finally, the defendants focus separately on secret shops conducted by an independent service involving other retailers rather than Sleepy's. They argue that these shops cannot prove claims related to plaintiff.

The plaintiff's opposition consists principally of an assertion of the law of the case. They say that Judge Platt rejected the arguments on which the defendants' motion rests in denying their motion for summary judgment. On the merits, the plaintiff contends that the secret shop evidence is relevant to its slander claims because of Select Comfort's alleged campaign to disparage and defame

Sleepy's. "The shop report evidence ... makes it more likely that the particular defamatory statements on which the slander claims are based were, in fact, uttered." (Plaintiff's Memorandum in Opposition, p.20). The plaintiff argues that the shop evidence statements are of mixed character reflecting on both the product and the business methods of Sleepy's. The plaintiff justifies the relevance of the shop evidence to the Lanham Act claims; in conjunction with the evidence of defendants' written advertising and promotional materials, this evidence shows a pattern of statements in commercial advertising or promotion that were widely disseminated. As to the shops in territories serviced by other competitors of the defendants, the plaintiff advocates that the shop report evidence shows that disparagement was occurring in other retail partner's territories and "enable the fact finder to compare the level of its intensity to that in Sleepy's own territory. It included the latter type to give a complete picture ...." (Id. at 25).

In reply, the defendants contend that the plaintiff has not demonstrated that the secret shop evidence is relevant to the Lanham Act claims and join issue over whether the court has already rejected the basis for this motion insofar as concern the Lanham Act: "[A] review of the Order reveals that the Court found that the question of fact for trial was 'whether the buying public would conclude, for example, that Defendant alluded to Plaintiff's goods when Defendant's *mailers* noted the supposed deficiency of wood box

springs as opposed to plastic ones.'" [Emphasis in original](Reply pp.4-5).

District Judge Platt clearly ruled on that branch of this motion that rests on the argument that the plaintiff's secret shoppers consented to the defamatory statements when he ruled that this was a question of fact in the slander claims. (Order Denying Summary Judgment, May 2, 2011, p. 12). This "consent" is embodied in the secret shop evidence. This ruling bars that branch of the motion seeking preclusion based on the shoppers' elicitation of the defamation or their consent. This remains a question of fact, and the defendants are not barred from pursuing their theory at trial. Likewise, the tendency of the allegedly slanderous statements to denigrate the credit or integrity of the plaintiff's business rather than the quality of the products it sells must await the evidence at trial. Many of the statements that the defendants would preclude by barring the secret shop evidence are mixed reflections on both the product and the plaintiff's business.

The Lanham Act argument that the Select Comfort sales persons' statements in the secret shops do not constitute advertising is an open question not foreclosed by Judge Platt's decision denying summary judgment. He focused on the defendants' mailers and whether the buying public would conclude from the mailers the deficiency of wood compared to plastic as a reference to Sleepy's Select Comfort products. Therefore, the merits of this branch of the motion are still open for consideration. Insofar as the defendants argue that

the action of the Sleepy's shoppers in attempting to elicit derogatory remarks is concerned, the Second Circuit has left open the possibility of a cause of action "where a defendant maintains a well-enforced policy to disparage its competitor each time it is mentioned by a customer, if such a policy of reactive disparagement successfully reaches a substantial number of the competitor's potential customers." Fashion Boutique supra at 58. If the trier of fact in the case at hand finds that the statements are purely reactive, that will be the time for the defendants to seek dismissal of the Lanham Act claims.

As to the secret shop evidence from the independent contractor outside the plaintiff's geographical spheres of interest, the plaintiff has failed to persuade of its relevance. Indeed, its opposition to this branch of the motion is half-hearted and ends on this note: "However, if Select Comfort is successful in excluding it, then it should not be heard to argue later that any of Sleepy's liability or damage claims is deficient or impaired for lack of it." (Plaintiff's Memorandum, p.25).

Accordingly, the defendants motion is **GRANTED AS TO THE SHOP EVIDENCE RELATED TO OTHER RETAIL PARTNERS AND OTHERWISE DENIED. SO ORDERED.**

Dated: March 2, 2012
Central Islip, New York

*Stephen G. Crane*
Stephen G. Crane, Special Master