```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                          :
                                        :
                        Plaintiff,      :
                                        :  MEMORANDUM & ORDER
            -against-                   :  07 CV 4018 (TCP) (ARL)
                                        :
SELECT COMFORT WHOLESALE CORPORATION,   :
SELECT COMFORT RETAIL CORPORATION and   :
SELECT COMFORT CORPORATION,             :
                                        :
                        Defendants.     :
----------------------------------------x
```

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion to Exclude Testimony and Evidence Regarding Plaintiff's Nameless, Faceless "Customers" that Allegedly Heard and Were Affected by Select Comfort's Statements.

For the following reasons the defendants' motion is **DENIED**.

Despite the length of its title, this motion simply seeks to bar as hearsay the testimony of four of the plaintiff's witnesses and the introduction of one email. With equal simplicity, the plaintiff asserts that the testimony and email about customers' statements are admissible under the present sense impression exception (Fed. Rules of Evid. 803[1]) and the state of mind

exception (Fed. Rules of Evid. 803[3]). It also contends that its executives, Mr. Blank and Mr. Bookbinder, may testify to the customers' statements, not for the truth of the fact that customers cancelled because of Select Comfort's denigrating statements but to show how its management learned of the disparaging statements and what steps it took to stem them. It relates as well to the bad faith defense of a pressure tactic to get the defendants to extend the Dealer Agreement.

In reply, the defendants contend that the plaintiff is seeking to offer the customer statements for their truth to prove causation. They refute the notion that these statements are present sense impressions, and they assert that plaintiff's lack of evidence, including documentation of any cancelled orders, renders the state of mind exception irrelevant.

Mr. Blank and Mr. Bookbinder may testify about what they learned of customers reporting that the defendants' sales people had made denigrating statements, not for the truth of their cancellation with Sleepy's of orders they had placed, but to demonstrate how they learned of the denigration, what they did in response and to blunt the defense of their bad faith in trying to extract an extension of the Dealer Agreement.

The defendants persuade that the statements of the customers, however, are not admissible to prove causation of damages, if any, due to the defendants' employees' disparagement (see Fun-Damental Too, Ltd. v Gemmy Industries Corp., 111 F.3d 993, 1003-1004 [2d

Cir. 1997]; Stelwagon Mfg. Co. v Tarmac Roofing Systs., Inc., 63 F.3d 1267, 1274-1275 [3d Cir. 1995], cert den 516 US 1172 [1996]; Trouble' v The Wet Seal, Inc., 179 F.Supp.2d 291, 298-299 [SDNY 2001]). Neither should they be admitted as present sense impressions under Fed. R. Evid. 803(1) because they were not made contemporaneous with the event, and the customers had time to reflect, thereby risking insincerity and untrustworthiness (see Herman Schwabe, Inc. v United Shoe Machinery Corp., 297 F.2d 906, 914 at n. 10 [2d Cir.], cert den 369 US 865, reh den 370 US 20 [1962]; Menes v City University of New York Hunter Coll., 578 F.Supp.2d 598, 604 [SDNY 2008]).

On a different footing stand the customer statements as expressions of their state of mind under Fed. R. Evid. 803(3). These are admissible for the limited purpose of showing their motive not to buy from Sleepy's (see Callahan v A.E.V., Inc., 182 F.3d 237, 252-253 [3d Cir. 1999]; Schwabe, supra, at 914). The lack of records of the one cancelling customer goes to the weight rather than the admissibility of the customer's statement.

Accordingly, as long as the plaintiff does not proffer the customer statements as proof of causation, and because they are admissible on one of the two theories the plaintiff relies on, the defendants' motion is **DENIED**.

Dated: March 5, 2012
      Central Islip, New York

*/s/ Stephen G. Crane*
Stephen G. Crane, Special Master