```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SLEEPY'S, LLC,                          :
                                        :
                        Plaintiff,      :
                                        :   **MEMORANDUM & ORDER**
            -against-                   :   07 CV 4018 (TCP) (ARL)
                                        :
SELECT COMFORT WHOLESALE CORPORATION,   :
SELECT COMFORT RETAIL CORPORATION and   :
SELECT COMFORT CORPORATION,             :
                                        :
                        Defendants.     :
----------------------------------------x
```

Stephen G. Crane, Special Master

The undersigned, having been appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) by order dated and filed January 10, 2012, of the Hon. Thomas C. Platt, United States District Judge, and having heard oral argument on January 24 and 30, 2012, hereby renders the following decision on the Defendants' Motion to Exclude Testimony and Evidence Regarding Defendants' Print Advertising.

For the following reasons the defendants' motion is **GRANTED IN PART AND OTHERWISE DENIED.**

Taking the position that their advertising failed to confuse even a single customer, the defendants seek preclusion of the plaintiff's use of their print advertising about which the plaintiff never complained until this litigation. The advertising does not relate to the line of defendants' beds that the plaintiff was selling. It defies logic, argue the defendants, for them to

1

advertise against their own product, a phenomenon the plaintiff wants the court to discern by equating box springs with the wood platforms that supported the Personal Preference line sold at Sleepy's. Because the plaintiff lacks any evidence of actual consumer confusion, the defendants invoke Fed. R. Evid. 403 that permits exclusion of evidence if its probative value is outweighed by unfair prejudice or would cause undue delay.

To make up for the lack of actual confusion, the plaintiff is putting forth the lay opinion of its former employee, Deborah Zaffron, to equate the term box spring with the platform under the Personal Preference mattress. Her opinion was that what goes under a mattress is called a box spring. Defendants seek to exclude this lay witness opinion testimony because Ms. Zaffron is not an expert, her opinion is not the product of her investigation, or her actual perception of the public's understanding, but reflects her specialized knowledge derived from her experience in this field citing Bank of China, N.Y. Branch v NBM LLC, 359 F.3d 171, 182 (2d Cir. 2004).

The plaintiff in opposition not only relies on the Select Comfort print ads' reference to box springs, but also to their negative reference to wood versus polymer mattress foundations: "...Select Comfort's print advertisements, which contain abundant negative references to wood 'box springs,' are relevant to Sleepy's claims because they reinforce and increase the likelihood that a consumer who heard Select Comfort's sales pitch and had seen Select

Comfort's advertisements would infer and understand that Select Comfort's ads were talking about the wooden mattress foundation carried in Sleepy's stores." (Memorandum in Opposition, p.1). Moreover, "...Select Comfort asks rhetorically 'why would Defendant spend millions of dollars to advertise against its own product?'....As the evidence ...shows, the answer is clear. Select Comfort did not want to promote the Select Comfort beds it gave Sleepy's to sell. It wanted to use Sleepy's to give its beds greater exposure to consumers, but drive the actual sales to its own competing retail stores. Accordingly, its advertising message extolling the plastic foundation its own stores [sic] and denigrating 'old fashioned wood box springs' was designed, at least in part, to convince consumers to buy their Select Comfort bed at the Select Comfort store (and get the superior plastic) rather than at Sleepy's (and get stuck with the wood that warps, cracks and breaks)." (Id. at p.2). The plaintiff stresses that the court, in denying the defendants' motion for summary judgment, already decided that "A fact-finder must decide wether the buying public would conclude, for example, that Defendants alluded to Plaintiff's goods when Defendants' mailers noted the supposed deficiency of wood box springs as opposed to plastic ones." (Order dated May 2, 2011, p. 13). The plaintiff proclaims that this is the law of the case.

The plaintiff also urges the admissibility of Ms. Zaffron's opinion that the public understands that "box spring" refers to

3

what goes under a mattress. This is based on her own lay perceptions and not on any personalized knowledge. The plaintiff distinguishes Bank of China on the ground that the bank employee there based his opinion on specialized knowledge and disclaims that Ms. Zaffron is an expert. It takes issue with the defendants assertion that she has no knowledge as to how consumers understand "box spring". Rather, her testimony, derived from no technical or scientific knowledge, is based on her personal knowledge of the public understanding of what is a box spring. Finally, it contends that no consumer survey is required.

The defendants' reply criticizes the notion of consumer confusion over what their ads meant is nonsensical and requires the court to assume that the reasonable consumer lacks common sense. As to Ms. Zaffron's opinion, the defendants observe: "Plaintiff claims that because Ms. Zaffron was 'personally a member of the mattress consuming public' prior to working for Plaintiff and because of the 'thousands of people that come into [Plaintiff's] store', she has first-hand knowledge of the general public's opinion....There is no evidence that Ms. Zaffron spoke to other members of the 'mattress consuming public' about their opinion or attempted in any way to determine the 'mattress consuming public's' opinion of what goes under a mattress." (Reply Memorandum, p.5). Thus, they argue there is no way for the court to conclude that her opinion is rationally based on her own perceptions as required by Fed. R. Evid. 701.

4

At oral argument, the plaintiff said that the defendants' own executives equate 'box spring' with foundation. If they can prove this, they need not resort to the questionable and vulnerable testimony of Ms. Zaffron. Indeed, her potential testimony, bereft of any personal investigation, strongly appears to be grounded in her expertise as a sales person of bedding at Sleepy's. It seems that admission of this testimony would be error (see Bank of China, supra at 181-182). It would not be helpful to the trier of facts and represents the 'choosing up [of] sides' (Cameron v City of New York, 598 F.3d 50, 62 [2d Cir. 2010]; Fed. R. Evid. 702), and its admission would be outweighed by prejudice and time waste (Fed. R. Evid. 403).

The print material, however, is admissible. Whether it was broadly promulgated to the consuming public or some of it used for internal training purposes goes to weight, not admissibility and falls squarely within Judge Platt's example of what evidence a fact-finder must base his decision upon. (Order dated May 2, 2011, p. 13).

Accordingly, the motion is **GRANTED TO PRECLUDE THE OPINION TESTIMONY OF DEBORAH ZAFFRON AS TO THE PUBLIC'S UNDERSTANDING OF 'BOX SPRINGS,' AND THE MOTION IS OTHERWISE DENIED.**

**SO ORDERED**

Dated: March 5, 2012
      Central Islip, New York

*Stephen G. Crane*
Stephen G. Crane, Special Master